UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMOND WRIGHT,

          Plaintiff,

-against-

PAROLE OFFICER DeJESUS; SEN. PAROLE OFFICER SANTIAGO; OFFICE LOCATED ON MANCHESTER RD.; ANNMARIE TROY, LCSW-R, COORDINATOR OF FORENSIC TREATMENT; BRENDAN GARCIA, MHL-LP, RISC CLINICIAN,

          Defendants.

19-CV-4638 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, appearing *pro se*, brings this action alleging that Defendants' requirement of a confession of guilt in a sex offender treatment program violates his right. By order dated July 30, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth in this order, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are taken from the complaint. In 1985, although he did not commit the crime, Plaintiff was convicted by a jury of attempted sodomy. Plaintiff is currently on parole and is required to participate in Relapse Intervention for Sex Crimes (RISC), a sex offender treatment program run by Family Services, Inc. As part of the treatment, the RISC team is demanding a confession of guilt from participants. Plaintiff did not confess to the crime in his criminal case, and he refuses to make such a confession after the fact. The RISC team's demands for a confession is unlawful, but Parole Officer DeJesus is misusing her authority by threatening to violate Plaintiff's parole because of his refusal "to create a false confession" based on the 1985 expired conviction. (ECF No. 1, p. 4.) Plaintiff's parole is scheduled to end on August 27, 2019. Plaintiff names as Defendants Parole Officer DeJesus, Senior Parole Officer Santiago, and two RISC team members – AnnMarie Troy, the Coordinator of Forensic Treatment, and Brenden Garcia, an RISC clinician.

## DISCUSSION

Plaintiff brings this action without specifying the statutory basis for his claim. Because his claim arises out of the imposition of sex offender treatment as a condition of his parole, the complaint could be read as asserting a claim under 42 U.S.C. § 1983. Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of

2

the United States was violated, and (2) the right was violated by a person acting under the color of state law.[1] *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's assertion that Defendants require him to make a self-incriminating confession as part of his sex offender treatment may implicate the Fifth Amendment to the United States Constitution. The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. The Fifth Amendment may "be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Higazy v. Templeton*, 505 F.3d 161, 170-72 (2d Cir. 2007) (quoting *Kastigar v. United States*, 406 U.S. 441, 444–45 (1972) (footnotes omitted)).

In *Chavez v. Martinez*, 538 U.S. 760 (2003), the Supreme Court held that the Fifth Amendment privilege against compelled self-incrimination is not violated where a coerced statement is not used against the person who provided the statement. "[M]ere coercion does not violate the text of the Self–Incrimination Clause absent use of the compelled statements in a criminal case against the witness." *Id.* at 769. "[W]hile the privilege may be invoked in any proceeding, a violation of the constitutional right 'occurs only if one has been compelled to be a

---

[1] A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage," 42 U.S.C. § 1983, and private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Plaintiff brings claims against RISC team members Troy and Garcia, who appear to be private parties who do not work for any state or other government body. As the Court is dismissing this action on other ground, the Court need not make a determination on whether these two defendants are subject to liability under § 1983.

witness against himself in a criminal case.'" *Higazy*, 505 F.3d at 171 (citing *Chavez*, 538 U.S. at 770. The Fifth Amendment is therefore not violated until compelled statements are used in a criminal case. *Chavez*, 538 U.S. at 767.

Because Plaintiff does not allege that he was compelled to incriminate himself with a statement that was later used against him in a criminal proceeding, he cannot now assert that his Fifth Amendment right was violated. Plaintiff alleges that he refused to make a self-incriminating confession as part of his sex offender treatment. Plaintiff's Fifth Amendment right to remain silent was therefore not violated, and this claim must be dismissed.[2] *See Fifield v. Eaton*, 669 F. Supp. 2d 294, 298 (W.D.N.Y. 2009) (where plaintiff "concedes that he did not make any incriminating statements and does not allege that the defendant ever used, sought to use, or could have used any incriminating statement against him in a criminal proceeding . . . [plaintiff] failed to sufficiently allege a violation of his rights under the Fifth Amendment). Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] The appropriate proceeding to challenge the requirement that he make a confession about his crime would be in any revocation proceeding Plaintiff faces in the future. The Court offers no opinion as to the validity of any Fifth Amendment defense he could advance at a revocation hearing.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 19, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge